```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| JONATHAN P. LOPEZ, | No. 19-cv-12638 (NLH) (KMW) |
|---|---|
| Plaintiff, | OPINION |
| v. | |
| LIEUTENANT KATHY CRAWFORD, et al., | |
| Defendants. | |

APPEARANCES:

Jonathan P. Lopez
Ancora Psychiatric Hospital
301 Spring Garden Rd.
Ancora, NJ 08037

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Jonathan P. Lopez filed a complaint under 42 U.S.C. § 1983 alleging constitutional violations during his confinement in the Salem County Correctional Facility ("SCCF"). ECF No. 1. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will allow the complaint to proceed in part.

1

I.   BACKGROUND

Plaintiff alleges Defendants deprived him of due process protections in connection with a disciplinary hearing at SCCF. He states Sergeant Daly accused him of "making a blanketed threat" against facility officers and personnel. ECF No. 1 at 3. At the time of Sergeant Daly's report, Plaintiff was restrained in a "turtle suit," a suicide-safe green smock, as a result of a prior report that he had made threats to harm himself and others. Id. Plaintiff states the restraints made it impossible to prepare for the disciplinary hearing. Id. Plaintiff received the disciplinary report 12 hours before his hearing and was not asked to sign a "use immunity" statement before the hearing began. Id.

Plaintiff alleges Lieutenant Kathy Crawford, the Disciplinary Board Chair, accused him of being racist and made "a speech about the Rev. Dr. Martin Luther King, Jr.; Ms. Rosa Parks; civil rights and community involvement of African-Americans in this day and age, inferring or suggesting that the plaintiff was racially biased or prejudiced against African-Americans . . . ." Id. at 5. He states he was escorted from the hearing back to the medical unit without Lt. Crawford issuing a finding on the charges and without receiving written notice of the outcome. Id. at 5-6.

Once back in the medical unit, Plaintiff told the nurse practitioner that he was not suicidal and that an officer lied on her report to get Plaintiff out of his housing unit. Id. at 6.

The nurse refused to let him out of the suicide-prevention smock and return him to his housing unit. Id. Plaintiff stayed in the medical unit on suicide watch for three more days before the psychologist permitted Plaintiff to be released. Id. He was sent back to his housing unit with his clothes and bedding but not his legal papers. Id. Plaintiff received conflicting information as to whether he was still on disciplinary detention before being visited by Lt. Crawford three days later. Id. at 6-7. "Upon the plaintiff asking Defendant Crawford about the results of the disciplinary hearing . . . Defendant Crawford just 'made up' a sanction, telling the Plaintiff . . . the 'disciplinary board' decided on 30 days disciplinary detention with no privileges." Id. Plaintiff alleges he had still not received any written statement of the findings. Id.

Plaintiff was transferred to a different housing unit to serve out his disciplinary detention. Id. at 8. He asserts he was denied stationary, writing implements, extra undergarments and commissary items, and unidentified "property." Id. He claims he was not let out of the cell other than to shower and clean his cell. Id. He states he was unable to appeal his disciplinary sanction because he was could not access the kiosk computer. Id.

II. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in

3

forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff alleges he was denied due process in connection with his disciplinary hearing. He further alleges he received

4

inadequate mental health care.  The Court will permit the due process claim proceed, but will dismiss the medical care claim.

    A.    Due Process

Plaintiff argues he was deprived of his Fourteenth Amendment right to due process after Sergeant Daly issued a false disciplinary report and the disciplinary board found him guilty of making a blanket threat.  "[P]risons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'"  Kanu v. Lindsey, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting Rapier v. Harris, 172 F.3d 999, 1003-06 (7th Cir. 1999)).  "However, the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the procedural due process protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974)."  Id.  "These protections include the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence."  Id.  Plaintiff alleges he was denied all these protections.  The Court will permit the due process challenge to the disciplinary hearing to proceed as well as the due process challenge to

Plaintiff's placement in disciplinary segregation because of the inadequate hearing.

Plaintiff has not stated a claim against SCCF Warden John Cuzzupe. Plaintiff alleges that Warden Cuzzupe denied his administrative appeal, but "a prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right." Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011). Plaintiff does not allege Warden Cuzzupe participated in the disciplinary process beyond denying an appeal; therefore, the Court will dismiss Warden Cuzzupe from this action without prejudice.

B.   Denial of Medical Care

The Court will also dismiss Plaintiff's denial of medical care claim. "Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause. The Due Process clause requires the government to provide appropriate medical care." Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987) (internal citations omitted). "Without deciding whether the Fourteenth Amendment provides greater protections, the Third Circuit has found it sufficient to apply the Eighth Amendment standard set forth in Estelle v. Gamble, 429 U.S. 97 (1976) when evaluating a claim for inadequate medical care by a detainee." Covington v. Bucks Cty.

6

Dep't of Corr., No. 17-11397, 2019 WL 1418127, at *3 n.3 (D.N.J. Mar. 29, 2019) (citing Banda v. Adams, 674 F. App'x 181 (3d Cir. 2017)).

To state an Eighth Amendment Claim, a plaintiff must state facts that indicate defendants were deliberately indifferent to his or her serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To accomplish this, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (alteration in original)). Plaintiff only states he was denied psychiatric care and follow-up treatment. ECF No. 1 at 9. He does not allege facts regarding why he needed psychiatric care, what follow-up treatment was denied, or any facts that would suggest defendants were deliberately indifferent to his need for mental health care. The dismissal shall be without prejudice, meaning Plaintiff may move to reinstate this claim in an amended complaint if he can provide facts supporting both elements of the Estelle test.

The Court will also dismiss the claim that Plaintiff was improperly kept on suicide watch. Plaintiff does "not state any facts that, if proven, would show that [he] was denied one of

7

life's minimal necessities.  At most, the facts that [Plaintiff] did plead allow the potential inference that he suffered or perceived inconvenience, discomfort, and stigma due to [Defendants'] decision to implement a suicide watch . . . ." Smith v. Bolava, 632 F. App'x 683, 687 (3d Cir. 2015).  "Rather than denying a human need, a suicide watch is canonically understood as protecting inmates who are vulnerable to self-harm."  Id.

IV. CONCLUSION

For the reasons stated above, the Complaint may proceed on Plaintiff's due process claims against Lt. Crawford, Sergeant Daly, and Jane Does 2-3.  The other claims and defendants shall be dismissed without prejudice.

An appropriate order follows.


Dated: May 18, 2021                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.